**JHS**

$35⁰

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES E. WRIGHT, JR.

                Plaintiff,

    **vs.**

I.C. SYSTEM, INC, JOHN DOES 1-10 AND X,Y,Z CORPORATIONS,

                Defendants.

**Civil Action No.**

**11   6523**

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331, Defendant, I.C. System, Inc. ("ICS"), by and through its Counsel, Marshall, Dennehey, Warner, Coleman & Goggin, P.C., hereby removes the action entitled <u>James E. Wright, Jr., John Does 1-10 and X,Y,Z Corporations v. I.C. System, Inc.</u>, docket no. 2011-08030, as filed in the Court of Common Pleas of Bucks County, Pennsylvania ("the Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

    1.    On or about September 16, 2011, Plaintiff filed the Action in the Court of Common Pleas of Bucks County, Pennsylvania. A true and correct copy of Plaintiff's Complaint in the Action is attached hereto as Exhibit "A."

    2.    ICS first received notice of the Action on or around September 23, 2011, when it was served with Plaintiff's Complaint via certified mail.

3.    Based on the foregoing, ICS has timely filed this Notice of Removal within thirty days of the filing of the Complaint, within thirty days of being served with the Complaint and within thirty days of the date that the Action was first removable. See 28 U.S.C. § 1446(b).

4.    The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by ICS pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff has alleged, *inter alia,* that ICS violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., thereby asserting a claim that arises under federal law.

5.    In that the causes of action alleged by the Plaintiff arises from the performance of obligations of the parties within Bucks County, Pennsylvania, the United States District Court for the Eastern District of Pennsylvania should be assigned the Action.

6.    Pursuant to 28 U.S.C. § 1446(d), ICS will file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania, will serve Plaintiff with copies of this Notice of Removal and will file the Notice of Removal in the Bucks County Court of Common Pleas.

**WHEREFORE**, I.C. System, Inc., notifies this Court that this cause is removed from the Court of Common Pleas of Bucks County, Pennsylvania to the United States District Court for the Eastern District

of Pennsylvania pursuant to the provisions of 28 U.S.C. §§1331, and 1446.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By: _____

RONALD M. METCHO, ESQUIRE
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
(215) 575-2595 / (215) 575-0856 (f)
rmmetcho@mdwcg.com
Attorneys for Defendant
I.C. System, Inc.

Dated:  October 18, 2011

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES E. WRIGHT, JR.**<br><br>    Plaintiff,<br><br>**vs.**<br><br>**I.C. SYSTEM, INC, JOHN DOES 1-10 AND X,Y,Z CORPORATIONS,**<br><br><br>    Defendants. | **Civil Action No.** |

## CERTIFICATE OF SERVICE

I, Ronald M. Metcho, Esquire, do hereby certify that a true and correct copy of Defendant, I.C. System, Inc.'s, **Notice of Removal** was served upon the below-listed counsel of record by regular mail on October 18, 2011.

> Vicki Piontek, Esquire
> 951 Allentown Road
> Lansdale, PA 19446
> Attorney for Plaintiff
> John B. Green

          **MARSHALL, DENNEHEY, WARNER,**
          **COLEMAN & GOGGIN**

By: _____

          RONALD M. METCHO, ESQUIRE
          1845 Walnut Street, 17th Floor
          Philadelphia, PA 19103
          (215) 575-2595 / (215) 575-0856 (f)
          rmmetcho@mdwcg.com
          Attorneys for Defendant
          I.C. System, Inc.

Dated: October 18, 2011

# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

**RECEIVED**

SEP 2 3 2011

James E. Wright, Jr.
416 Tohickon Avenue
Quakertown, PA  18951

Plaintiff

Vs.

I.C. System, Inc.
444 Highway 96 East
P.O. Box 64378
Saint. Paul, MN 55164
and
John Does 1-10
and
X,Y,Z Corporations

Defendant

Jury Trial Demanded

2011-08030



Case Number: 2011-08030
Receipt:        Z554149
Code: 48                      Judge:37
Patricia Bachtle - Bucks Co Prothonotary      Filing: 9619254
809                9/16/2011 9:53:51 AM

## NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Legal Aid of Southeastern Pennsylvania for Bucks County
1290 Veterans Highway, Box 809, Bristol, PA 19007
215-781-1111

Bucks County Legal Aid Society
100 Union St, Doylestown, PA 18901
(215) 340-1818

Bucks County Bar Association
135 East State Street, PO Box 300, Doylestown, PA 18901
215-348-9413

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

James E. Wright, Jr.                              :
416 Tohickon Avenue                              :
Quakertown, PA  18951                            :
                              Plaintiff          :
Vs.                                              :
I.C. System, Inc.                                :          Jury Trial Demanded
444 Highway 96 East                              :
P.O. Box 64378                                   :
Saint. Paul, MN 55164                            :
and                                              :
John Does 1-10                                   :          2011-08030
and                                              :
X,Y,Z Corporations                               :
                              Defendant          :

## COMPLAINT

## INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)'
   alleged violations of the Telephone Consumer Protection Act, 47 USC § 227 et. seq.
   (hereinafter "TCPA"), as well as for Defendant(s) alleged violations of the Fair Debt
   Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA).

## JURISDICTION AND VENUE

2.   All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3.   Venue is proper in this jurisdiction because Defendant(s) regularly transact(s) business throughout this jurisdiction.

4.   Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

5.   A substantially portion of the conduct complained of occurred in this jurisdiction.

## PARTIES

6. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

7. Plaintiff is James E. Wright, Jr., an adult individual with a current address of 416 Tohickon Avenue, Quakertown, PA 18951.

8. Defendant is I.C. System, Inc., a business entity engaged in the practice of debt collection throughout the United States, with a business address including but not limited to 444 Highway 96 East, P.O. Box 64378, Saint. Paul, MN 55164.

9. Defendants may include John Does 1-10, persons whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this Complaint.

10. Defendants may include X,Y,Z Corporations, business entities whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this Complaint.

## COUNT ONE: VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 USC § 227 ET. SEQ.

11. The previous paragraphs are incorporated by reference and made a part of this complaint.

12. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

14. 47 U.S.C. § 227(b) states in pertinent part:

> (b) Restrictions on use of automated telephone equipment
> (1) **Prohibitions**
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice---
> \* \* \*
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

**(3) Private right of action**
A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State---
(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
(C) both such actions.
If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph
(B) of this paragraph.

15. On January 4, 2008, the FCC released a Declaratory Ruling confirming that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling")*, 23 F.C.C.R. 559, 23 FCC Rcd. 559,43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

16. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (10).

17. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of* 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

18. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling, 23* F.C.C.R. at 565 (10).

19. At all times relevant, Plaintiff was a "person" as defined by 47 U.S.C. § 153(10).

20. At a certain time, prior to 2011, Plaintiff engaged in a consumer credit transaction which was the subject of Defendant's collection activity.

21. Plaintiff's account went into collections, and the account was referred to Defendant(s) for the purpose of collection.

22. At no time did Plaintiff provide Defendant(s) with Plaintiff's cell phone number.

23. At no time did Plaintiff provide the original alleged creditor for the account that was the subject of Defendant's collection activity with Plaintiff's cell phone number.

24. Defendant contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received one or more calls from Defendant on Plaintiff's cellular phone.

25. It is believed and averred that Defendant(s) used some method or mechanism to look up Plaintiff's cell phone number in order to facilitate the calls.

26. It is believed and averred that one or more of the telephone calls by Defendant to Plaintiff on Plaintiff's cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

27. 47 U.S.C. § 227(b)(1)(A) defined an "automatic dialing system" as follows.

(a) Definitions
As used in this section -
(1) The term "automatic telephone dialing system" means equipment which has the capacity -
(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
(B) to dial such numbers.

28. It is believed and averred that one or more of the telephone calls placed by Defendant to Plaintiff's cellular telephone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 et. seq.

29. Such automated calls were made by Defendant(s) to Plaintiff's cellular telephone service as defined in 47 U.S.C. § 227(b)(1)(A)(iii).

30. The complained of telephone calls did not constitute calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31. During the transaction that resulted in the alleged debt owed, Plaintiff did not provide a wireless or cellular number to Defendant, nor otherwise provide express consent to receive automated calls by Defendant on Plaintiff's cellular telephone.

32. Plaintiff did not provide "express consent" allowing Defendant, or the original creditor to place telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

33. Plaintiff did not list a cellular phone number in or on any documents at any time during the transaction that resulted in the Purported Debt.

34. Plaintiff did not verbally provide Defendant(s), or any other party, with a cellular phone number at any time during the transaction that resulted in the Purported Debt, or thereafter.

35. Defendant's telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

36. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

37. Plaintiff believes and avers that Plaintiff received no less than 34 automated calls on Plaintiff's cell phone from Defendant(s).

## COUNT TWO:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692 f, et. seq.

38. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

39. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

40. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

41. At all times mentioned herein, Defendant(s) was attempting to collect on an alleged consumer debt against Plaintiff.

42. 15 USC 1692 f of the FDCPA prohibits a debt collector from engaging in any unlawful, illegal or unconscionable collection activity while Defendant(s) was attempting to collect a consumer debt from Plaintiff.

43. By violating TCPA, Defendant(s) also violated 15 USC 1692 f, et, seq., by engaging in unlawful, illegal and unconscionable collection activity.

## LIABILITY

44. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

45. Defendant(s) is liable to Plaintiff(s) for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

46. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of negligent supervision.

47. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of the non-deligible duty.

48. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

49. Any mistake made by Defendant would have included a mistake of law.

50. Any mistake made by Defendant would not have been a reasonable bona fide mistake.

## DAMAGES

51. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

52. At least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, etc.

53. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory under the FDCPA 15 USC 1692k.

54. Plaintiff believes ad avers that Plaintiff is entitled to at least $500.00 per call that Plaintiff received from Defendant(s) in violation of TCPA.

55. Plaintiff believes and avers that there was at least 34 separate automated telephone calls from Defendant(s) to Plaintiff's cell phone, thereby warranting $17,000.00 in statutory damages.

56. Plaintiff suffered emotional distress with a Dollar value to be proven at trial.

## ATTORNEY FEES

57. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

58. Plaintiff is entitled to reasonable attorney fees in this matter at a rate of no less than $350 per hour, or other rate that this Honorable Court deems just and fare, pursuant the fee shifting provision of TCPA and FDCPA.

59. Plaintiff's attorney fees of $1,137.50 at a rate of $350.00 per hour, are enumerated below.

    a.  Consultation with client                    .5

    b.  Review of phone log                      .25

    c.  Drafting, editing, review, filing
        and serving complaint and related documents     .5

    d.  Follow up With Defense                2

                                        3.25  x $350 = $1,137.50

60. Plaintiff's attorney fees continue to accrue as the case move forward.

61. The above stated attorney fees include prosecution of this complaint to the date of the instant filing and reasonable follow up.

## OTHER RELIEF

62. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

63. Plaintiff seeks injunctive relief barring further unlawful collection activity.

64. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

65. Plaintiff requests a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $19,138.50.

$1.00 actual damages more or less for postage, stationary , fax, etc.

$1,000.00 statutory damages under the FDCPA

$17,000 statutory damages under TCPA

$1,137.50 attorney fees

_____

$19,138.50

Plaintiff seeks such other relief as the Court deems just and fair.

_____   9 ₀ 13 · 2011
Vicki Piontek, Esquire          Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com

SEP-09-2011 05:31 PM   JAMES.WRIGHT                215 538 6128              P.01

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

James E. Wright, Jr.                          :
416 Tohickon Avenue                          :
Quakertown, PA 18951                         :
                Plaintiff        :
                                 :
Vs.                                          :          Jury Trial Demanded
I.C. System, Inc.                            :
444 Highway 96 East                          :
P.O. Box 64378                               :
Saint, Paul, MN 55164                        :
and                                          :
John Does 1-10                               :
and                                          :
X,Y,Z Corporations                           :
                Defendant        :

## VERIFICATION

I, _____ , have read the attached complaint. The facts stated in the complaint
are true and accurate to the best of my knowledge, understanding and belief.

_____  9-8-11
Date

*Blanck Law Office*
931 Allentown Road
Lansdale, PA 19446



CERTIFIED MAIL™

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7011 0470 0001 4698 6275

I. C. Systems, INC
444 Highway 96 East
P.O. Box 64378
Saint Paul, MN 55164





